## SOLANO COUNTY *v.* JOHN M. NEVILLE.

ACTION IN NAME OF COUNTY.—An action may be brought in the name of a county to recover money belonging to the General Fund of the county.

COMPENSATION OF TAX COLLECTORS.—The Legislature has the power to enact a law directing the Collector of Taxes for a county to pay one half of the compensation allowed him by law for the collection of the same into the County Treasury for the benefit of the General Fund.

APPEAL from the District Court, Seventh Judicial District, Solano County.

The following is the complaint to which defendant demurred :

"Solano County, plaintiff, by J. C. Hinckley, District Attorney, complains of John M. Neville, defendant, and for cause of action alleges that the said defendant, being Sheriff, and *ex officio* Tax Collector of Solano County, between the 17th day

59

of August and the 16th day of November, A. D. 1863, col-
lected a large amount of public revenue and taxes on property,
to wit: the sum of $86,578 87, and during the time aforesaid
collected and received a percentage thereon, allowed by law
as compensation for the collection of property tax, such per-
centage amounting to the sum of $2,631 57.

" Plaintiff further shows that, by an Act of the Legislature
of this State, entitled 'An Act to regulate the fees of certain
officers in Solano County,' approved April 6, 1863, it was
made the duty of said defendant, Sheriff and *ex officio* Tax
Collector as aforesaid, to pay into the County Treasury of said
county, for the benefit of the General Fund thereof, fifty per
cent of the aforesaid compensation allowed by law for the col-
lection of property tax, to wit, the sum of $1,315 78½, and
that no portion of said sum has been paid into said County
Treasury, but that the whole thereof, by virtue of the Act
aforesaid, is due and payable from the defendant to the plain-
tiff.

" Nevertheless, the said defendant, although often requested,
has hitherto wholly neglected and refused to pay the same, or
any portion thereof.

" Wherefore plaintiff prays judgment against said defend-
ant for said sum of $1,315 78½, with the costs, fees and charges
allowed by law.

"J. C. HINCKLEY,<br>
" District Attorney Solano County."

Judgment was rendered for the defendant, and plaintiff ap-
pealed from the order sustaining the demurrer.

The other facts are stated in the opinion of the Court.

*J. C. Hinckley,* for Appellant.

*Swan & Hays,* also for Appellant.

We beg leave to submit that the complaint contains " a
statement of the facts constituting the cause of action in ordi-
nary and concise language," as required by the second subdi-

vision of the thirty-ninth section of the Practice Act. That there is nothing uncertain, ambiguous, or unintelligible in the complaint.

" It is only necessary that the cause of indebtedness should be stated in such a manner as to apprise the defendant of the object of the suit." (*Milliken* v. *Murray*, 5 Cal. 245.)

We do not think it can be contended with any degree of earnestness that this complaint is deficient in any of the grounds named in the fourth ground of demurrer.

A writ of mandate would be a novel proceeding to recover money due, and we think there can be nothing in the point that no demand had been made of the defendant to pay the money over, because the law under which the suit is brought makes it the duty of the defendant to pay the money into the County Treasury.

As to the third ground of demurrer, " That the complaint does not state facts sufficient to constitute a cause of action ;" assuming that the other grounds of demurrer are not well taken, we rely upon the law under which this suit is brought, and the facts as stated in the complaint, as showing a good cause of action.

The seventh section of the "Act to regulate the fees of certain officers in Solono County," reads as follows, to wit: " The Tax Collector shall receive the fees and compensation now allowed by law ; but fifty per cent of the compensation allowed for the collection of property tax shall be paid by him into the County Treasury, for the benefit of the General Fund." Approved March 6, 1863. (Statutes of 1863, page 193.)

It will be observed that whilst the law does state that the Tax Collector shall receive the fees and compensation now allowed by law, it does not state that *he* shall be allowed that compensation ; and it will also be observed that the law does not say that fifty per cent *of his* compensation for collection, etc., shall be paid into the Treasury, etc., but says *the* compensation allowed, etc., shall be paid into the Treasury, etc.

*Whitman & Wells*, for Respondent.

We demur to the complaint, alleging: First—That the plaintiff, Solano County, hath not the legal capacity to sue, because the amount is given to a particular fund, to wit, the General Fund of the county. The Treasurer of the county is the legal custodian of that fund, and he alone can sue for moneys due it; or if the Board of Supervisors might maintain the action, the County of Solano, in its corporate capacity, is not empowered to bring the suit. (*Hunsacker* v. *Borden*, 5 Cal. 290.)

Nor is the County of Solano the real party in interest. The General Fund of the county is in the charge of the Treasurer, and is pledged in his hands for the debts that have been audited and allowed thereon. The holders of these debts, then, are the real parties in interest, and the Treasurer, as the trustee of an express statutory trust, is the person who should bring the suit.

But the more formidable objection is based upon the express provisions of the Act. Distinctly affirming, as it does, that the Tax Collector shall receive the fees allowed by law, it proceeds to enact that he shall pay them over to the General Fund, precisely as if it had stated that A. shall be entitled to recover all debts due him by the means now allowed by law, but that he shall pay fifty per cent of all debts received by him into a certain bank for the use of B.

It is objectionable, as taking the property of the Tax Collector and giving it to another. It directs his statutory rights, not on behalf of or for the benefit of the State, but of a stranger.

By the Court, Rhodes, J.

The plaintiff sued the defendant to recover the one half of the fees allowed by law, as the percentage for the collection of the property tax in Solano County, which was received by him as Tax Collector, between the 17th of August and the

16th of November, 1863. The defendant demurred to the complaint and his demurrer was sustained.

The first ground of demurrer now urged by the defendant is, that the plaintiff has not legal capacity to sue. This is answered by the Act of May 11, 1854 (Wood's Dig. 249), which provides that " suits brought for or against a county, shall be by or in the name of such county." The General Fund belongs to the county, and neither the Treasurer nor the Board of Commissioners can sue to recover moneys that are required by law to be paid into that fund, for neither they nor the creditors of the county have a direct interest in the fund.

The ground mainly relied on is that the Act of 1863 " is objectionable as taking the property of the Tax Collector and giving it to another." It is provided by section seven of the Act to regulate the fees of certain officers in Solano County (Stats. 1863, p. 193), that " the Tax Collector shall receive the fees and compensation now allowed by law ; but fifty per cent of the compensation allowed for the collection of property tax shall be paid by him into the County Treasury for the benefit of the General Fund."

It is not surprising that the appellant finds it difficult to construct an argument in answer to the respondent's proposition, for when it is said that the whole matter of fees and compensation for the collection of taxes is subject to the control of the Legislature, and that by the section of the Act cited, the Tax Collector is entitled to retain for his services only one half of the compensation allowed by the general Revenue Act, and is required to pay into the General Fund of the county the remaining half, the argument is exhausted.

Judgment reversed and cause remanded, with directions to the Court below to overrule the demurrer, with leave to the defendant to answer the complaint according to the rules of said Court.