## WILLIAM H. PATTON *v.* THE COUNTY OF PLACER.

FEES OF AUDITOR OF PLACER COUNTY.—The Auditor of Placer County is not entitled to retain for his own use the fifty cents on each business license sold by the Tax Collector, and paid by the Collector to the Auditor under the Revenue Act of 1861, but the Auditor receives the same for the use of the county.

APPEAL from the District Court, Fourteenth Judicial District, Placer County.

The plaintiff was Recorder and *ex officio* Auditor of Placer County from the first Monday in December, 1862, until the first Monday in March, 1864, and during that time the Tax Collectors of the county paid over to him fifty cents on each business license sold by them, amounting in all to eight hundred and nine dollars. Plaintiff, at the end of his term of office, when he made his final settlement with the county, paid this money into the County Treasury under a stipulation that the

payment then made should not prejudice his right to maintain an action against the county for its recovery. The present action was brought to recover back this money. Defendant had judgment in the Court below, and plaintiff appealed.

*Hale & Fellows*, for Appellant.

*Charles A. Tweed*, for Respondent.

By the Court, SAWYER, J.:

The question in this case, is, whether the Auditor of Placer County is entitled to retain for his own use the fifty cents on each business license sold by the Tax Collector, and by him paid over to the Auditor under the Revenue Act of 1861. The Act of 1858 (Laws 1858, Secs 5, 20) makes the County Recorder " *ex officio* County Auditor," and provides that " he shall receive for his services as County Recorder, and his services in said *ex officio* office, a salary at the rate of three thousand dollars per annum ; which salary shall be in full for all services required of him by law." Section six provides that " the County Recorder of said county shall collect and safely keep all fees and percentage allowed him by law, except for such services as the county is chargeable, for services rendered by him in his said several official capacities ; and upon the first Monday in each month, on and after the said second day of June, 1859, shall pay the same into the county treasury of said county, less the salary of the preceding month." Under these provisions there is no room for doubt that the salary provided was intended to be a full compensation for every kind of service performed, whether in connection with the duties of the principal office, or those duties of an *ex officio* nature ; and that all moneys paid to him in his official character, whether *ex officio* or otherwise, after deducting said salary, should be paid into the treasury for the use of the county. (*Solano County* v. *Neville*, 27 Cal. 469.)

Section one hundred seven of the Revenue Act of 1861 (Laws of 1861, p. 453) provides, that, " the Collector of

Taxes shall also receive one dollar for each business license sold, one half of which shall be paid to the County Auditor."

Section one hundred fourteen (Ib. 455) provides, that, "all fees and percentage allowed under the provisions of this Act to any officer, or officers, in any county or in any city and county, in this State, where, by provisions of law such officers receive a stated salary, shall be received by such officers and paid into the county treasury, or city and county treasury, for the use of the county, or city and county, as is now or may hereafter be required by law, except as in this Act provided," etc.   This is in exact harmony with the provisions of the Act of 1858, before cited, unless there is some clear exception expressed in other provisions of the Act; and there is no such exception, unless it is found in section one hundred fifteen, the general scope of which is to repeal prior conflicting laws. This section contains the following clause: "All laws and parts of laws in conflict with the provisions of this Act, except special laws creating salaried offices in certain counties, are hereby repealed; provided, such salaried officers shall receive such special fees for their own use as are provided in this Act."   There must be some distinction between the "*all fees * * allowed under the provisions of this Act* to any officer or officers in any county," mentioned in section one hundred fourteen, and the "*special fees for their own use as are provided in this Act,*" excepted by section one hundred fifteen; or, in the language of the District Judge, the "exception is as broad as the rule."   How are we to distinguish the former—those embraced by the rule, from the latter—those taken out by the exception?   We think the language of the exception furnishes the test: "*Special fees for their own use, as are provided in this Act.*"   Now there are fees provided for, in general terms, to be paid to certain officers, and among them the fees in question, to be paid to the Auditor, without saying that they shall be "*for their own use.*"   Whereas, there are other instances of fees provided in the Act for salaried officers, with the further provision, in express terms, that

23

they *shall be for* " *their own use.*"    As in section thirty-four, which provides, " that in counties, where the Tax Collector receives a salary, he shall be allowed *for his own use* the amount provided by law for making said delinquent list." So, also, section thirty-three provides, " that in counties where the Tax Collector is compensated for his services by a specific salary, he may appoint the deputies required by this section, and be paid for his services for collecting revenue, under this section, *for his own use*, as in this Act provided."    And, again, in section one hundred fourteen it is provided, that, " the Auditor of the City and County of Sacramento may retain *for his own use the fees provided in this Act for making the duplicate assessment roll of said city and county.*"    Thus, it will be seen, that, in frequent instances, where it is intended to give the fees to the officer receiving them " *for his own use,*" it is so provided in express terms, and the case is brought clearly within the exception.    As it is provided that " all fees allowed under the provisions of this Act to any officer," etc., not otherwise excepted must be paid by such officer into the county treasury, it must be presumed that this provision embraces all cases where it is not provided in express terms that they shall be for the officer's " own use."    The maxim *expressio unius*, etc., applies.    This construction gives room for both the rule and the exception to operate, while upon any other construction the exception would cover the entire field.    And this view is also in harmony with the Act of May 18th, 1861, passed one day later than the Revenue Act under consideration (Laws 1861, p. 527.)    The Act of May 18th amends section five of the Act of 1858, before cited, but so far as limitation of the compensation of the Auditor is concerned, it re-enacts the former provision in the same terms, thus showing that at the date of the passage of this Act it was contemplated that the salary of three thousand dollars should be a compensation in full for all his services.

The subsequent amendments of 1862 are no broader than the Act amended of 1861.

We think, therefore, that the Auditor is not entitled to

retain the fees in question for his own use, and the judgment is accordingly affirmed.