## DANIEL REAM v. SISKIYOU COUNTY.

FEES OF TAX COLLECTOR.—The Legislature may, without violating the Constitution, provide by law that a Collector of Taxes shall pay a part of the fees and compensation allowed by law into the County Treasury, for the benefit of the General Fund.

CONSTITUTIONALITY OF A LAW.—A law which provides for the amount of fees attached to the service to be performed in an office, and at the same time provides that the officer shall pay a part of these fees into the Treasury, the title to which is, "An Act to regulate fees in office," is not liable to the constitutional objection that it embraces more than one object, and that that is not expressed in the title.

TAKING FEES OF OFFICER FOR PUBLIC USE.—An Act which provides in one section that a Tax Collector shall receive the fees allowed by law, and in another section that he shall pay a part of these fees into the Treasury for the benefit of the county, does not take private property for public use.

APPEAL from the District Court, Ninth Judicial District, Siskiyou County.

The plaintiff appealed.
The other facts are stated in the opinion of the Court.

*Coffroth & Spaulding*, for Appellant.

*Jo Hamilton, Attorney General*, for Respondent.

By the Court, SAWYER, C. J.:

The Act of 1866 provides that "the Tax Collector of the County of Siskiyou shall receive the *fees and compensation now allowed by law;* but forty-five per cent of the compensation allowed for the collection of the following taxes    *    * shall be paid by him into the County Treasury for the benefit of the General Fund," etc. (Stats. 1865–6, p. 552.) The plaintiff, being Tax Collector of Siskiyou County, paid over the forty-five per cent of said amount of fees and compensation on the taxes specified to the County Treasurer, as required by the Act, but under protest—claiming that he was himself entitled to the whole under the first clause of the section quoted. He afterwards presented his claim against the county for said amount, which being rejected, he brought this suit to recover it, in which judgment was rendered for defendant.

It is first claimed that the Act is unconstitutional, because twenty-two and a half per cent of the fees collected is taken from the State and given to the county, and is, therefore, an indirect appropriation of so much money out of the State Treasury for the benefit of the county, and is in violation of Section 23, Article IV, of the Constitution, which provides that "no money shall be drawn from the Treasury but in consequence of appropriations made by law." The money has, in fact, never been in the State Treasury. It is deducted as the expense of collecting before the moneys collected are ever paid into the Treasury, and the amount less expense of collecting only goes into the Treasury. But if this be not so, here is an appropriation made by law, indirectly, the appellant says, but nevertheless an appropriation, made by the very law quoted. It seems to us a very direct appropriation to pay expenses of collection out of the moneys collected, and we see no objection to making the appropriation to pay the county for collecting the State's money through its officers in this mode. But supposing the law to be unconstitutional in this respect, these moneys have not been given to the Tax

Collector, and if they belong to the State, the State has not authorized him to retain them, or to sue for their recovery. We do not see how he acquires any cause of action. This remark applies with equal force to the next constitutional objection, that the law embraces more than one object, and that is not expressed in the title. If so, as before said, the law being void, it cannot give plaintiff the fees, if it attempted to do so, and we do not see how he obtains a cause of action. But we do not think the law void under Section 25, Article IV, referred to. The title of the Act is: "An Act to regulate fees *in office* of the County Assessor, County Treasurer, and Tax Collector, in the County of Siskiyou, and to more fully define their duties." It does provide the amount of fees attached to the services to be performed in the office, and then provides for their disposition. The disposition of the fees is necessarily a part of one and the same subject matter, and could not well be separated from the remainder of the Act. The title sufficiently expresses the object.

It is next claimed that the Act gives the whole amount of fees and compensation to the officer, and as soon as collected it becomes his private property. The form of expression is somewhat awkward, but the entire section is to be taken together, from which it appears that a certain amount is to belong to the officer for his own benefit, and the remainder to the county. That is to say, that the officer is to retain, for his own benefit, the fees and compensation theretofore provided by law, less forty-five per cent, which latter sum is to be paid into the Treasury for the use of the county.

But this is not an open question, as the point was directly decided on similar statutes in *Solano County* v. *Neville,* 27 Cal. 465, and *Patton* v. *Placer County,* 30 Cal. 176.)

Judgment affirmed, and remittitur directed to issue forthwith.